**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| CADDY PRODUCTS, INC., | Civil No. 05-800 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER DENYING REQUESTS FOR LEAVE TO FILE MOTIONS FOR RECONSIDERATION** |
| AMERICAN SEATING COMPANY, | |
| Defendant. | |

Richard G. Jensen and Dyanna L. Street, **FABYANSKE WESTRA HART & THOMSON, P.A.**, 800 LaSalle Avenue, Suite 1900, Minneapolis, MN 55402; Deirdre M. Kvale, Peter J. Ims, and Z. Peter Sawicki, **WESTMAN CHAMPLIN & KELLY, PA**, 900 Second Avenue South, Suite 1400, Minneapolis, MN 55402-3319; for plaintiff.

Conrad J. Clark, **CLARK & BRODY**, 1090 Vermont Avenue NW, Suite 250, Washington, DC 20005; Michael D. O'Neill, **JOHNSON PROVO-PETERSEN O'NEILL, LLP**, 332 Minnesota Street, Suite W-975, St Paul, MN 55101; Todd R. Dickinson, **FISHER & DICKINSON P.C.**, 4764 East Fulton, Suite 204, Ada, MI 49301; for defendant.

Plaintiff Caddy Products, Inc. ("Caddy") and defendant American Seating Company ("ASC") manufacture products and accessories for public seating in theatres and stadiums. Caddy alleges that ASC's stadium seat cupholders infringe three of Caddy's patents. On April 4, 2008, this Court issued a Memorandum Opinion and Order construing the disputed claim terms contained in two of Caddy's patents. Both Caddy and ASC have now requested permission to file motions to reconsider aspects of the

Court's order pursuant to D. Minn. Local Rule 7.1(g). For the reasons discussed below, the Court denies both requests.

A motion to reconsider under Local Rule 7.1(g) is the "functional equivalent" of a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). Requests to file such motions are granted "only upon a showing of compelling circumstances." D. Minn. LR 7.1(g). A motion to reconsider should not be employed "to relitigate old issues," but rather to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. United States Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

Caddy argues that the Court improperly imported a limitation in its construction of the term "a pair of spaced side shield walls," which is contained in Claim 15 of Caddy's U.S. Patent No. RE39,392 (the "Reissue Patent").[1] Caddy initially argued that no definition of the term was necessary. In the alternative, Caddy proposed a compromise definition as "two walls located a distance apart from each other that shield something." ASC argued that the term should be defined as "two walls on the cupholder on opposite sides of the base wall that cover and protect bolts used to attach the bracket to the seat standard." Thus, the parties primarily disputed whether the side shield walls of the cupholder should be construed to "cover and protect bolts," or to "shield something."

---

[1] The Reissue Patent describes the cupholder mounting bracket and the container holder that attaches to the bracket.

The Court examined the surrounding language in Claim 15, finding that it did not clarify the meaning of "side shield walls." Reviewing the specification, however, the Court agreed with ASC that the meaning of the disputed term should include reference to its shielding function. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005) (stating that the specification is the single best guide to the meaning of a disputed term). Specifically, the Court found that the specification demonstrates that both the side shield walls and the side skirts shield bolts that attach the mounting bracket to the seat standard.[2] *See* Reissue Patent, col.4, ll.8-11 (stating that the side shield walls "support rearwardly extending skirts that cover the ends of the flange 20 on the standard, and the ends of the wall 44 of the mounting bracket 32, to completely shield the bolts 50, and the mounting slots or openings"); *id.* col.1, ll.66-67, col. 2, l.1 ("Since the drink cupholder can be installed at a later time, it is made to shield the mounting bolts that are used for attaching the mounting bracket on the seat standard."). The Court further determined that Caddy's proposed compromise definition – that the walls shield "something" – was vague and did not reflect the specification. Accordingly, the Court adopted a modified definition of the term as "two walls on the cupholder on opposite sides of the base wall that shield bolts used to attach the bracket to the seat standard."

Caddy's argument that the Court's construction improperly limits the claim term seeks to relitigate issues already decided by this Court. While "there is sometimes a fine line between reading a claim in light of the specification, and reading a limitation into the

---

[2] However, the Court also found that ASC's proposed definition that the side shield walls "cover and protect" the bolts was not supported by the specification, which described the walls merely as shielding the bolts and mounting slots.

claim from the specification," *Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1186 (Fed. Cir. 1998), Caddy has not pointed to anything in the specification suggesting that the Reissue Patent contemplated side shield walls that *did not* shield the attaching bolts.  *See Phillips*, 415 F.3d at 1323 (noting that the specification should be read to determine "whether the patentee is setting out specific examples of the invention to accomplish those goals, or whether the patentee instead intends for the claims and the embodiments in the specification to be strictly coextensive.").  Rather, as noted above, the Court's review of the claim language and the specification supports the conclusion that both the side skirts and side shield walls shield the bolts.  Thus, as between Caddy's proposed definition that the walls shield "something," and ASC's proposed definition that the walls shield "bolts," the specification clearly supported ASC's argument.  For these reasons, the Court finds that Caddy has not demonstrated the kind of compelling or extraordinary circumstances that would justify reconsideration of the Court's order.

ASC has also requested permission to file a motion to reconsider.  ASC argues that the Court erred in adopting Caddy's proposed claim constructions where Caddy argued that the terms at issue required no definition at all.  In support of its argument, ASC points to the recent decision in *O2 Micro International Ltd. v. Beyond Innovation Technology Co.*, 521 F.3d 1351, 1361 (Fed. Cir. 2008).  There, the Federal Circuit held that a determination that a claim term "needs no construction" may be inadequate "when a term has more than one 'ordinary' meaning or when reliance on a term's 'ordinary' meaning does not resolve the parties' dispute."  *Id.*  However, the parties in *O2 Micro* specifically disputed the scope of the asserted claim term, such that the district court's

failure to construe the term left the parties' dispute unresolved.  *See id.*  Thus, the district court erred in allowing the jury to consider the parties' competing arguments regarding the scope of the disputed claim term.  *See id.* at 1362 ("When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it.")  Here, by contrast, the Court's decision to adopt no definition for certain claim terms definitively resolved the meaning and scope of the disputed claims in Caddy's favor.[3]  Accordingly, the Court finds that ASC has not presented compelling or extraordinary circumstances that would warrant reconsideration of the Court's order.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Caddy Products, Inc.'s Request for Reconsideration [Docket No. 134] is **DENIED**.  **IT IS FURTHER ORDERED** that ASC's Request for Reconsideration [Docket No. 137] is **DENIED**.

DATED:   June 13, 2008  
at Minneapolis, Minnesota.

                    s/ John R. Tunheim  
                    JOHN R. TUNHEIM  
                    United States District Judge

---

[3] If it becomes apparent, however, that the dispute as to the scope of claim terms has not been definitively resolved in either party's favor, the Court will take appropriate measures to further construe the terms and ensure that no such arguments are submitted to a jury during trial.